644 So.2d 663 (1994)
Josie CEDOTAL and Lawrence Cedotal
v.
COMMUNITY BLOOD CENTER OF LOUISIANA, INC.
No. 93 CA 1167.
Court of Appeal of Louisiana, First Circuit.
June 30, 1994.
Rehearing Denied August 30, 1994.
Writ Denied November 11, 1994.
Cyrus J. Greco, Baton Rouge, for plaintiff-appellee Josie Cedotal and Lawrence Cedotal.
Richard Ieyoub, Baton Rouge, for defendant-appellee La. State Compensation Bd.
Mary H. Thompson, Baton Rouge, for defendant-appellant Woman's Hosp. Foundation
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
Woman's Hospital Foundation (Hospital), a defendant in a lawsuit filed by a former patient, appeals the overruling of its exception of prematurity.[1] Because a recent decision by the Louisiana Supreme Court is dispositive of the issue, we affirm.
Josie and Lawrence Cedotal filed suit against Hospital, among others, alleging that Mrs. Cedotal discovered she had AIDS when blood tests performed in December of 1991 and January of 1992 showed her blood was HIV positive. Blood transfusions she received at Hospital in 1984 are alleged to be the source of the infection. The plaintiffs urge that Hospital is jointly and concurrently liable with the Community Blood Center (Blood Center) because of the sale and use of the tainted blood product.
Appellant's exception of prematurity was based on its assertion that this case is subject to the provisions of the Louisiana Medical Malpractice Act and that it must first be heard by a medical review panel. However, since the exception was overruled by the trial court and this appeal was lodged, the Louisiana Supreme Court has handed down a decision in Branch v. Willis-Knighton Medical Center, 636 So.2d 211 (La.1994). In that case the sole issue was whether the suit by a victim who contracted hepatitis from tainted blood was barred by the time limitations of the Medical Malpractice Act or was timely under strict tort products liability principles of prescription. The court held that the special medical malpractice statute of limitation, LSA-R.S. 9:5628, does not apply to a strict tort products liability action arising out of the sale of blood in a diseased or defective condition.
*664 Although the issue raised in this appeal, specifically the alleged necessity for a medical review panel, involves a different statute, LSA-R.S. 40:1299.47, we conclude that to subject these plaintiffs to the constraints of that statute would be contrary to the reasoning expressed in Branch. We hold that the plaintiffs in a strict tort products liability suit do not have to present their claim to a medical review panel.
The fact that the instant case involves two separate entities, Blood Center and Hospital, does not undermine the classification of plaintiffs' claim as one sounding in products liability instead of negligence (malpractice). Suffice it to say that Hospital's status as a health care provider does not prevent it from being a seller of blood. We note that in Branch the sole defendant was a hospital, not a blood bank.
Accordingly, we affirm the decision of the trial court and we remand the case to the lower court for further proceedings. Appellant is cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] The same defendant filed an exception of prescription which was the subject of a writ application, 93 CW 0728, also ruled on this date.