652 So.2d 1059 (1995)
Grenier MORGAN
v.
The BLOOD CENTER FOR SOUTHEAST LOUISIANA.
No. 95-C-0368.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1995.
Robert J. Young, Jr., Timothy Justin Young, Young, Richaud, Theard & Myers, New Orleans, for defendant/relator.
*1060 Thomas Carey Wicker, III, Capitelli & Wicker, New Orleans, for plaintiff/respondent.
Before BYRNES, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Relator, the Blood Center for Southeast Louisiana ("the Blood Center"), seeks review of the trial court's denial of its exception of prematurity. We find that the trial court erred in denying relator's exception. We therefore grant the application for supervisory writs, reverse the judgment of the trial court denying relator's exception, grant relator's exception of prematurity, and dismiss plaintiff's petition without prejudice.
Plaintiff filed suit alleging that in August of 1992 she received a blood transfusion while undergoing a hysterectomy at St. Charles General Hospital. In November of 1993, she tested positive for HIV 1-2. In the beginning of 1994, plaintiff was diagnosed with AIDS. Plaintiff avers in her petition that she contracted AIDS through the blood supplied by the Blood Center to the hospital.
The Blood Center filed an exception of prematurity arguing that because it is a member of the Louisiana Patients' Compensation Fund, plaintiff must present her claim to a medical review panel as required by the Medical Malpractice Act before she may file an action in district court. Plaintiff argues that her action against the Blood Center is one in strict products liability and is thus not subject to the Medical Malpractice Act. The trial court denied the Blood Center's exception.
Plaintiff cites two cases in support of her argument that her action is not subject to the Medical Malpractice Act, Branch v. Willis-Knighton Medical Center, 92-3086 (La. 4/28/94), 636 So.2d 211, and Cedotal v. Community Blood Center of Louisiana, 93-1167 (La.App. 1st Cir. 8/30/94), 644 So.2d 663, writ denied, 94-2039 (La. 11/11/94), 644 So.2d 390. Plaintiff claims that these cases establish that an action for damages sustained as a result of disease or defect in blood supplied to a plaintiff constitutes a strict products liability case and should not be considered a medical malpractice action subject to the requirements of the Medical Malpractice Act.
However, as relator points out in its application, the causes of action in these two cases arose prior to the 1990 amendments to La. R.S. 9:2797 and La.C.C. art. 2322.1. In Branch, the Supreme Court expressly recognized that the plaintiff's cause of action arose in 1976 prior to the enactment of La.R.S. 9:2797 and C.C. art. 2322.1.[1] Thus, in Branch the plaintiff could pursue an action in strict products liability against the blood bank. In Cedotal, the plaintiff's cause of action arose in 1984. At that time, R.S. 9:2797 provided that a plaintiff could proceed under strict products liability if the disease or defect in the blood could be detected by "appropriate medical and scientific laboratory tests." The courts in Branch and Cedotal concluded that the plaintiffs' actions in strict products liability were not medical malpractice actions and not subject to the prescriptive period and filing requirements applicable to medical malpractice actions under the Medical Malpractice Act.
La.R.S. 9:2797 and C.C. art. 2322.1 were amended by Acts 1990, No. 1091 to provide that
[t]he screening, procurement, processing, distribution, transfusion, or medical use of human blood and blood components ... is declared to be, for all purposes whatsoever, the rendition of a medical service by each and every physician, dentist, hospital, hospital blood bank, and nonprofit community blood bank participating therein, and shall not be construed to be and is declared not be a sale. Strict liability and warranties of any kind without negligence shall not be applicable to the aforementioned who provide these medical services.
*1061 Because plaintiff's cause of action arose in 1992, she is precluded from alleging an action in strict products liability against the Blood Center. A review of the plaintiff's petition reveals that she has also alleged theories of negligence and malpractice against the Blood Center. As such, plaintiff is required under the Medical Malpractice Act to seek a medical review panel prior to instituting a lawsuit against any certified enrollee in the Louisiana Patients' Compensation Fund. La.R.S. 40:1299.47(B)(1)(a)(i) states that "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." The Blood Center included with its exception of prematurity a certificate showing its enrollment in the Louisiana Patients' Compensation Fund. Because the Blood Center is a health care provider covered by the Medical Malpractice Act, plaintiff should must have her claim reviewed by a medical review panel prior to instituting suit against the Blood Center in district court.
Accordingly, the trial court erred in overruling the Blood Center's exception of prematurity. The Blood Center's application for supervisory writs is granted, the trial court's judgment denying the Blood Center's exception is reversed, the Blood Center's exception is maintained, and the plaintiff's petition dismissed without prejudice.
NOTES
[1] R.S. 9:2797 and C.C. article 2322.1 were enacted by Acts 1981, Nos. 331, 611. The statutes granted physicians, hospitals, and blood banks immunity from strict tort products liability for screening, processing, transfusions, or medical use of blood and blood components resulting in the transmission of viral diseases undetectable by appropriate medical and scientific laboratory tests.