671 So.2d 24 (1996)
James A. LANDRY, husband of/and Diane Landry
v.
ALTON OCHSNER FOUNDATION MEDICAL CENTER, Ochsner Clinic Health Service Corporation.
No. 95-CA-883.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 1996.
*25 Thomas B. Calvert, Metairie, for Plaintiffs/Appellants.
Charles F. Gay, Jr., Cristina R. Wheat, New Orleans, for Defendants/Appellees.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit for damages filed on behalf of James A. Landry, husband of/and Diane Landry, plaintiffs/appellants (Landry) against Alton Ochsner Foundation Medical Center, and Ochsner Clinic Health Service Corporation, defendants/appellees (Ochsner).[1] Plaintiffs allege James A. Landry developed hepatitis C and cirrhosis of the liver from blood transfusions administered to him beginning in 1976. The plaintiffs stipulated that their sole cause of action against Ochsner is based on a theory of strict liability. The defendants filed an exception of prematurity on the basis the suit is a medical malpractice action against health care providers which must first be brought before the medical review panel. The trial judge granted the exception and dismissed the suit without prejudice. The Landrys now appeal. We affirm.
Landry alleges the suit is not one in medical malpractice but is instead an action in strict liability. The trial judge relied on La. R.S. 40:1299.41(A)(8) and concluded that a suit based on defective blood was encompassed within the act. La.R.S. 40:1299.41(A)(8) provides:
"Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient [emphasis added.].
Landry argues that since the sole cause of action is one in strict products liability a finding by the medical review panel regarding standard of care is irrelevant. Appellants assert La.R.S. 40:1299.41(A)(8) is ambiguous since it includes defects in blood while La.R.S. 40:1299.47(G)[2] limits the determination by a medical review panel to deciding *26 whether there has been a breach of the standard of care.
We find no ambiguity in the statute. The legislature clearly and unambiguously included "all legal responsibility of a health care provider arising from, defects in blood." La.R.S. 40:1299.41(A)(8). Additionally, § 1299.47(G) does not limit the medical review panel to solely deciding whether there has been a breach of the standard of care. La.R.S. 40:1299.47(G)(3).
Appellants rely on the following cases for support of the proposition that their claim does not fall within the medical malpractice act: Cedotal v. Community Blood Center of Louisiana, 93-1167 (La.App. 1st Cir. 6/30/94), 644 So.2d 663, writ denied, 94-2433 (La. 11/11/94), 645 So.2d 629; Branch v. Willis-Knighton Medical Center, 92-3086 (La. 4/28/94), 636 So.2d 211 and Morgan v. Blood Center for Southeast La., 95-0368 (La.App. 4th Cir.43/16/95), 652 So.2d 1059. In Branch the Supreme Court considered the issue of whether a claim for strict liability based on contaminated blood had prescribed. The issue was whether the special statute of limitation in the medical malpractice act applied. The Branch court held it did not apply.
At that time, however, La.R.S. 40:1299.41(A)(8)[3] did not include this type of action. The Cedotal court followed Branch. In Morgan the plaintiff had no cause of action for strict liability since the cause of action took place after the 1990 amendments declaring inter alia, that blood transfusions were not sales and totally eliminating the cause of action for strict liability under these circumstances.
Accordingly, for the reasons stated, the judgment is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] In its exception of prematurity Ochsner notes it has been erroneously named in the petition. The proper names for these defendants are: Alton Ochsner Medical Foundation and Ochsner Clinic.
[2] La.R.S. 40:1299.47 provides in pertinent part:

G. The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days but in all events within one hundred eighty days after the selection of the last panel member, render one or more of the following expert opinions, which shall be in writing and signed by the panelists, together with written reasons for their conclusions:
(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
(3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
(4) Where Paragraph (2) above is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. If such conduct was a factor, whether the plaintiff suffered: (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment.
[3] The former provision stated:

"Malpractice" means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to patient.