673 So.2d 210 (1996)
Merline KIDDER, et al, Plaintiffs-Appellants,
v.
SAVOY MEDICAL CENTER, INC., et al, Defendants-Appellants.
No. 95-1228.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
Rehearing Denied May 30, 1996.
P. Chris Christofferson, New Orleans, for Merline Kidder et al.
F. Frank Fontenot, New Orleans, for Blood System Inc. et al.
Berkman James Manuel, Mamou, for Savoy Medical Center, Inc.
Before COOKS, DECUIR and GREMILLION, JJ.
DECUIR, Judge.
This is an appeal by plaintiffs, Merline Kidder, Floyd Kidder, Kenneth Kidder, Aaron Kidder, Cassandra Kidder, and Raphael Kidder, from the judgment of the district court granting an exception of prematurity filed by defendant, Savoy Medical Center, Inc., dismissing plaintiffs' suit without prejudice.
On July 19, 1994, plaintiffs filed suit against defendants, Blood Systems, Inc. and Savoy Medical Center, Inc., alleging that on July 17, 1986, Merline Kidder, wife of Floyd Kidder, received a blood transfusion of two units of contaminated packed red blood cells during a medical procedure performed at Savoy Medical Center. The blood was sold by Blood Systems to Savoy Medical Center.
Plaintiffs allege that Mrs. Kidder contracted Hepatitis C as a result of the transfusion, and that plaintiffs' first knowledge that the blood was contaminated was on August 5, 1993, when plaintiffs were informed of the results of a blood test indicating that Mrs. Kidder had Hepatitis C. Our review of plaintiffs' original petition reveals claims of both malpractice and products liability against Savoy Medical Center. Savoy Medical Center filed exceptions of prematurity and no right of action on the grounds that plaintiffs failed to comply with the provisions of La.R.S. 40:1299.41, et seq. Subsequent thereto, plaintiffs filed a supplemental and amending petition against both defendants. The supplemental petition as to Savoy Medical Center added an allegation of "negligently selling" a blood product contaminated with Hepatitis C virus and added the words "and *211 selling" to the products liability allegation in plaintiffs' original petition. Savoy Medical Center never answered the original petition, but answered the supplemental petition by denying all allegations of the supplemental petition prior to hearing on the exceptions. The trial judge concluded that plaintiffs' claim against Savoy Medical Center is one in malpractice as defined at the time of the transfusion in La.R.S. 40:1299.41, et seq., and sustained defendant's exception of prematurity.
Plaintiffs contend that the district court erred in finding that their claim falls within the purview of La.R.S. 40:1299.41, et seq., effectively denying plaintiffs' claim in products liability, and in sustaining defendant's exception when defendant's answering of plaintiffs' supplemental petition had the effect of waiving defendant's right to proceed with its exception of prematurity. We affirm for the following reasons.
Addressing first plaintiffs' contention that defendant waived its exception of prematurity by answering the supplemental petition, we note that this argument is raised for the first time on appeal. Nevertheless, the exceptions of prematurity and no right of action were filed prior to answer as required by La.Code Civ.P. art. 928(A). The subsequent filing of an answer before trial of the exception does not waive the pending exception. See Bickham v. Sub Sea Intern., Inc., 617 So.2d 483 (La.1993). Therefore, this assignment of error is without merit.
At the time of and since Mrs. Kidder's transfusion, La.R.S. 40:1299.41A(8) defined "malpractice" in pertinent part as follows:
"Malpractice" means any unintentional tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, ... and also includes all legal responsibility of a health care provider arising from defects in blood... used on or in the person of a patient. (Emphasis ours.)
Furthermore, La.R.S. 9:2797, enacted in 1981, provides in pertinent part:
The screening, procurement, processing, distribution, transfusion, or medical use of human blood and blood components of any kind ... by physicians, dentists, hospitals, hospital blood banks, and nonprofit community blood banks is declared to be, for all purposes whatsoever, the rendition of a medical service by each and every physician, dentist, hospital, hospital blood bank, and nonprofit community blood bank participating therein, and shall not be construed to be and is declared not to be a sale. Strict liability and warranties of any kind without negligence shall not be applicable to the aforementioned who provide these medical services. (Emphasis ours.)
Finally, the Louisiana Products Liability Act is inapplicable to human blood, blood components, organs, or tissue. La.R.S. 9:2800.53(3) specifically states:
"Product" does not mean human blood, blood components, human organs, human tissue or approved animal tissue to the extent such are governed by R.S. 9:2797.
We note that the trial judge found this court's decision of LeBlanc v. Meza, 620 So.2d 521 (La.App. 3 Cir.1993), writ denied, 93-1838 (La.7/1/94), 639 So.2d 1176, U.S. cert. denied ___ U.S. ___, 115 S.Ct. 514, 130 L.Ed.2d 420 (1994), inapplicable to the case sub judice. The trial judge found LeBlanc distinguishable because in the trial judge's opinion, plaintiffs' petition in the instant case does not include allegations of malpractice, whereas in LeBlanc the plaintiffs' petition included allegations of both malpractice and product liability. Based on our review of the original petition, we disagree. Nevertheless, pursuant to La.R.S. 9:2797, plaintiffs' claim against Savoy Medical Center lies in medical malpractice and is governed by La. R.S. 40:1299.41, et seq. Thus, the trial court's finding that the transfusion at Savoy Medical Center falls within the definition of "malpractice", as provided by La.R.S. 40:1299.41, is not error.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.