688 So.2d 1040 (1996)
Taylor SONNIER, Plaintiff-Appellee,
v.
OPELOUSAS GENERAL HOSPITAL, Defendant-Appellant.
No. 95-1560.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
Christopher Brent Coreil, Ville Platte, for Taylor Sonnier.
Peter T. Dazzio, Baton Rouge, for Opelousas General Hospital.
Before WOODARD, SULLIVAN and PETERS, JJ.
*1041 PETERS, Judge.
The plaintiff, Taylor Sonnier, brought this action against the defendant, Opelousas General Hospital, claiming he contracted hepatitis from contaminated blood he was administered while a patient at the defendant hospital in December 1979 or January 1980. In response to the action, the hospital filed exceptions of prematurity and no right or cause of action which were denied by the trial court. The hospital has appealed the denial of these exceptions. For the reasons set forth below, we conclude that the trial court erred in rejecting the exception of prematurity and reverse.

DISCUSSION OF THE RECORD
Taylor Sonnier was hospitalized at Opelousas General Hospital beginning in December 1979 and was discharged in January 1980. During the course of his hospitalization, surgery was performed on Mr. Sonnier, and during the surgery, Mr. Sonnier required a transfusion of several units of blood. He alleges that as a result of this blood transfusion, he contracted hepatitis and claims to have only become aware of his condition in June 1994. On May 22, 1995, he filed this suit against Opelousas General Hospital for "having sold him a product in a defective condition, that is unreasonably dangerous blood, in a defective condition and dangerous to the user and or consumer."
In response to the suit, Opelousas General Hospital filed a dilatory exception of prematurity and a peremptory exception of no right or cause of action, contending that Mr. Sonnier's claim should have been submitted first to a medical review panel. After a hearing, the trial court dismissed these exceptions. Opelousas General Hospital has appealed.

OPINION
Because the trial court's decision upon which this appeal is based is not a final judgment, we must find irreparable injury in order to entertain this appeal. La.Code Civ.P. art. 2083. The Medical Malpractice Act (La.R.S. 40:1299.41 et seq.) requires that all claims against a health care provider be submitted to a medical review panel before suit is filed. La.R.S. 40:1299.47(B)(1)(a)(i). This requirement has been held to be reasonable and not an unconstitutional restriction of access to the courts. Everett v. Goldman, 359 So.2d 1256 (La.1978). The use of medical review panels is thought to encourage settlement, weed out frivolous claims, reduce litigation costs and actual awards, and is reasonably related to the guarantee of continued health care at reasonable costs for Louisiana citizens. Id. We conclude that to require Opelousas General Hospital to forego the benefits afforded by the medical review panel would cause irreparable injury to the hospital since some of these benefits could not be fully reestablished by a reversal on appeal. Accordingly, we find that the trial court's ruling is an appealable issue.
The trial court relied on Branch v. Willis-Knighton Medical Ctr., 92-3086 (La. 4/28/94); 636 So.2d 211, in dismissing the exceptions. In Branch, the supreme court addressed the applicability of the special prescription statute for medical malpractice actions found in La.R.S. 9:5628 to an action to recover damages for the sale of blood in a diseased condition. In concluding that La. R.S. 9:5628 did not apply, the supreme court held that such an action arose in strict tort products liability law, not medical malpractice. Following the holding in Branch, the trial court in this case concluded that since this was a strict liability or products liability action, the Medical Malpractice Act did not apply and no medical review panel was necessary.
We first note that Branch involved a blood transfusion that occurred between July 19 and August 4, 1976. At that time, La.R.S. 40:1299.41(A)(8) provided as follows:
(8) "Malpractice" means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient.
La.R.S. 40:1299.41(A)(8) was amended by Acts 1976, No. 183, § 1 to provide as follows:
(8) "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a *1042 patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.
(Emphasis added).
Thus, the decision in Branch appears to have been legislatively overruled. In the 1976 amendment, the legislature expanded the definition of malpractice from unintentional tort and breach of contract as a general rule to include "all legal responsibility of a health care provider arising from defects in blood." This definition would include the legal responsibility arising from a strict liability or products liability action. Thus, as of the effective date of the 1976 amendment, causes of action arising from defects in blood fall within the definition of "malpractice" under the Medical Malpractice Act. Mr. Sonnier received the allegedly defective blood transfusion in late 1979 or early 1980. Thus, his cause of action arose after La.R.S. 40:1299.41(A)(8) was amended.
We are not unmindful of the case of Cedotal v. Community Blood Ctr. of La., Inc., 93-1167 (La.App. 1 Cir. 6/30/94); 644 So.2d 663, writ denied, 94-2433 (La. 11/11/94); 645 So.2d 629, wherein the first circuit, relying on Branch, found that the Medical Malpractice Act did not apply to a cause of action arising out of the sale and use of a tainted blood product in 1984. We note, however, that the court in Cedotal did not address the effect of the 1976 amendment of La.R.S. 40:1299.41(A)(8), and we choose not to follow the rationale of our brethren in the first circuit.
As previously stated, the Medical Malpractice Act requires that all malpractice claims covered under the Act be submitted to a medical review panel before filing suit. La.R.S. 40:1299.47(B)(1)(a)(i). At the time of plaintiff's blood transfusion, Opelousas General Hospital was included within the Act's broad definition of a health care provider. See La.R.S. 40:1299.41(A)(1). It was the legislative intent behind the Medical Malpractice Act that any conduct complained of that reasonably comes within the definitions of the Act should be handled under the procedures provided by the Act, even though there may be alternative theories for liability. Cashio v. Baton Rouge Gen. Hosp., 378 So.2d 182 (La.App. 1 Cir.1979). Therefore, we conclude that, based on the circumstances of this case and the time periods involved in this case, the plaintiff must first present his case to the medical review panel, since legal responsibility arising from defects in blood falls within the definition of medical malpractice.

DISPOSITION
For the foregoing reasons, we reverse the decision of the trial court and order that Taylor Sonnier's suit be dismissed as premature. All costs of this appeal are assessed against the plaintiff, Taylor Sonnier.
REVERSED.