686 So.2d 1015 (1996)
Cynthia DeBLANC,
v.
TOURO INFIRMARY.
No. 96-CA-1965.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1996.
Andrew Blanchfield, McGlynn, Blanchfield & Glisson, Baton Rouge, for Plaintiff/Appellant.
Deborah I. Schroeder, Richard E. Gruner, Jr., Lemle & Kelleher, L.L.P., New Orleans, for Defendant/Appellee.
Before BYRNES, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
In this appeal, we consider whether the Louisiana Medical Malpractice Act requires that a claim against a hospital arising from a blood transfusion in 1977, which is alleged to have infected the plaintiff with the Hepatitis C virus, must first be submitted to a medical review panel. Finding that the Act as amended in 1976 clearly defines malpractice to include all legal responsibility of a health care provider arising from defects in blood, we affirm the granting of defendant's exception of prematurity.
On February 7, 1996, Ms. Cynthia DeBlanc filed a petition in which she alleged that she recently discovered that she was infected with the Hepatitis C virus during a blood transfusion at Touro Infirmary in 1977. Touro responded by exception of prematurity that Ms. DeBlanc should first present her claim to a medical review panel. The trial judge granted Touro's exception on April 22, 1996, and Ms. DeBlanc sought supervisory review. On June 25, 1996, this Court converted the writ, which was taken from a final appealable judgment, into an appeal. The only issue before the Court in this appeal is whether the exception of prematurity was correctly granted. At this time, Touro has not pleaded that Ms. DeBlanc's action is barred by prescription.
Section 1299.47 of Title 40 requires that all malpractice claims against health care providers covered by the Medical Malpractice Act shall be reviewed by a medical review panel. Appellant DeBlanc contends that her action to hold Touro strictly liable for the sale of contaminated blood products is not a malpractice claim governed by the Act, citing Cedotal v. Community Blood Center of Louisiana, Inc., 93-1167 (La.App. 1st Cir. 6/30/94), 644 So.2d 663, writ denied, 94-2433 (La.11/11/94), 645 So.2d 629. In the Cedotal decision, the First Circuit held that plaintiffs who are exempted by Branch v. Willis-Knighton Medical Center, 636 So.2d 211 (La. 1994), from the prescriptive period for medical malpractice (La.R.S. 9:5628), should likewise be exempt from the other constraints of *1016 the Medical Malpractice Act. Therefore, in Cedotal, the First Circuit permitted a plaintiff who alleged that blood transfusions received in 1984 were the source of her HIV infection, which was discovered in 1991, to bring a strict liability action against the hospital and blood center for the sale of diseased blood without first presenting her claim to a medical review panel.
In Branch, supra at 213, the Louisiana Supreme Court wrote the following:
In 1981, after the DeBattista [v. Argonaut-Southwest Insurance Co., 403 So.2d 26 (La.1981)] decision, the legislature added Civil Code article 2322.1 and R.S. 9:2797 granting physicians, hospitals and blood banks immunity from strict tort products liability for screening, processing, transfusion or medical use of blood and blood components resulting in transmission of viral disease undetectable by appropriate medical and scientific laboratory tests. The claims of plaintiffs who sustained such injuries, infections or diseases prior to the effective dates of those statutes, however, are not barred by the new immunities or defenses provided by that legislation. Those plaintiffs have acquired causes of action in strict tort products liability as vested property rights protected by the guarantee of due process; the statutes enacted after the acquisition of such vested property rights cannot be retroactively applied so as to divest the plaintiffs of their vested rights in their causes of action.
Thus, the court held that the limitation of La.R.S. 9:5628 was intended to apply only to medical malpractice actions and did not bar the plaintiff's action in strict liability, which accrued when the plaintiff received a blood transfusion during his hospitalization between July 19, 1976, and August 4, 1976.
In the instant case, appellant urges this Court to adopt the reasoning of the First Circuit in Cedotal to rule, consistent with the Branch decision, that the appellant is not required to submit her claim to a medical review panel. The analysis of the First Circuit in Cedotal is correct to the extent that it holds that a plaintiff who is exempted by Branch from the limitation of La.R.S. 9:5628 should likewise be exempted from the necessity of seeking a medical review panel.[1] However, Touro contends that in the instant case the appellant's action in strict products liability is barred by a 1976 amendment to La.R.S. 40:1299.41(A), distinguishing the Branch decision.
Prior to 1976, Subsection 1299.41(A)(8) defined malpractice as "any tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." This definition was in force at the time of the blood transfusion in Branch, and the Louisiana Supreme Court found that it added persuasive support to the holding in that decision. See Branch, supra at 216-17. A short time after, however, this subsection was amended to redefine malpractice as follows:
"Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.
La.R.S. 40:1299.41(A)(8), as amended by Acts 1976, No. 183, § 1. The amendment became effective on August 5, 1976, one day after the *1017 plaintiff in Branch was discharged from the hospital, but prior to the 1977 blood transfusion of the plaintiff in the instant appeal.
Therefore, the Branch and Cedotal decisions are not dispositive. The issue to be decided in the instant appeal is the effect of the 1976 amendment to the definition of malpractice on a plaintiff's action for strict products liability against a hospital arising from the transfusion of diseased blood. This issue has recently been addressed by both the Third and Fifth circuits. In Landry v. Alton Ochsner Foundation Medical Center, 95-883, p. 2 (La.App. 5th Cir. 2/27/96), 671 So.2d 24, 25, a plaintiff alleged that he became infected with the Hepatitis C virus through transfusions of diseased blood, which were administered beginning in 1976 after the effective date of the revision of La.R.S. 40:1299.41(A)(8). The Fifth Circuit distinguished Branch and rejected Cedotal to hold that Subsection (A)(8) clearly and unambiguously redefined medical malpractice to include legal responsibility of health care providers arising from defects in blood. Id. at p. 3-4, 26. Therefore, the court affirmed the trial court's grant of an exception of prematurity. Id. at p. 4, 26. In Kidder v. Savoy Medical Center, 95-1228, p. 1-2 (La.App. 3d Cir. 3/6/96), 673 So.2d 210, 210, a plaintiff alleged that she became infected with the Hepatitis C virus through a transfusion of diseased blood on July 17, 1986. The Third Circuit likewise applied Subsection (A)(8) as amended in 1976 to affirm the trial court's grant of an exception of prematurity.
Any conduct complained of should be handled under procedures of the Louisiana Medical Malpractice Act if it can reasonably be said that it comes within the definitions of the act, even though there may be alternative theories of liability. Austin v. St. Charles General Hospital, 587 So.2d 742, 746 (La.App. 4th Cir.1991), writ denied, 590 So.2d 80 (La.1991). We find the decisions of the Third and Fifth Circuits in Landry and Kidder persuasive. In the instant appeal, the transfusion which is alleged to have infected the plaintiff occurred in 1977 after the effective date of the amendment which redefined malpractice to include all legal responsibility of a health care provider arising from defects in blood. Accordingly, because the circumstances giving rise to the instant suit fall within the scope of malpractice as defined by amendment to La.R.S. 40:1299.41(A)(8), the trial judge was correct in granting Touro's exception of prematurity and the appeal is without merit. The granting of the exception is hereby affirmed. Costs are assessed to appellant.
AFFIRMED.
NOTES
[1] The Cedotal decision is troubling, however, because the reported statements of fact indicate that the plaintiff alleged that she received diseased blood by transfusion in 1984 and was diagnosed as HIV positive in 1991. If the plaintiff were infected by a transfusion of diseased blood after the 1981 effective dates of La.C.C. art. 2322.1 and La.R.S. 9:2797, then the hospital and blood bank would be immunized by these statutes from any action in strict products liability. Cf. Morgan v. Blood Center for Southeast Louisiana, 95-0368 (La.App. 4th Cir. 3/16/95), 652 So.2d 1059. To the extent that the First Circuit finds that a plaintiff infected by blood transfusion in 1984 has an action in strict products liability against the hospital and blood bank, we find the decision inexplicable.