JgFITZSIMMONS, J.
Plaintiffs, Harold Halle and Rita Halle, appeal a trial court judgment dismissing their claim for damages. This court amends the judgment and affirms for the reasons expressed below.
In 1978, Harold Halle received blood transfusions at Our Lady of the Lake Hospital, Inc. (OLOL). In 1994, Mr. Halle was diagnosed with Hepatitis “C” virus. Mr. and Mrs. Halle filed a lawsuit against OLOL on March 7, 1995, within one year of discovery of the virus. Following a trial on the merits, the jury concluded that the blood was defective and that it had caused Mr. Halle’s hepatitis. The jury, however, awarded no damages. Plaintiffs filed a motion for judgment notwithstanding the verdict and an alternative motion for new trial. These motions were denied by the trial court.
The Halles appeal the judgment of the trial court, and they allege the following assignments of error:
(1) The trial court errgd by not granting a judgment notwithstanding the verdict.
(2) The trial court erred by allowing testimony of Dr. Kerry Howell and Dr. Adrian Mclnnis, Jr. concerning treatment that was given to Harold Halle.
(3)The jury committed manifest error by not awarding damages after finding the blood supplied by OLOL was defective and caused plaintiffs injuries.
OLOL has answered the appeal with the following assignments of error:
(1) The trial court erred in its denial of OLOL’s exception of prescription.
(2) The trial court erred in instructing the jury on the law applicable to plaintiffs’ strict products liability claims.
LAW
After the trial court judgment had been rendered in this case, the Louisiana Supreme Court handed down a decision that directly impacts the resolution of this appeal. Boutte v. Jefferson Parish Hospital Service District No.1, 99-2402 (La.4/11/00), 759 So.2d 45, provides the courts with guidance in the interpretation of the applicability of the prescriptive provisions of the Medical Malpractice Act. It is particularly germane to the instant appeal because the pertinent facts in Boutte essentially parallel those set forth in the case before this court. Both lawsuits involve a |sstrict liability claim for defective blood transfusions that were performed after the 1976 amendments to the Medical Malpractice Act.
At all times pertinent to this case, La. R.S. 9:5628 has provided in pertinent part:
A. No action for damages for injury ... against any ... hospital duly licensed under the laws of this state, or community blood center ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year’ from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events *12 such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect. (Emphasis supplied.)
In Boutte, the court expressly held that the prescriptive period delineated in the Medical Malpractice Act pertains to allegations based on damages arising from defects in blood provided to patients by transfusion, including claims based on strict liability. Boutte, 99-2402 at pp. 5-6, 759 So.2d at 49.
At the time of Mr. Halle’s transfusion, the Medical Malpractice Act defined “Malpractice” as follows:
“Malpractice” means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient. (Emphasis supplied.)
La.R.S.40:1299.41 (Acts 1976, No 183, § 1).
The Halles’ claim against OLOL falls within the purview of the Medical Malpractice Act. Pursuant to Boutte, Mr. and Mrs. Halle are thus statutorily bound both by the requirement of asserting their claim as a medical malpractice claim and by the special period of limitation that governs that particular cause of action. Boutte, 99-2402 at pp. 5-6, 759 So.2d at 49.[2] Moreover, given the existence of a three-year peremptory statutory period, the contra non valentum exception is inapplicable. Id. The instant | ¿causes of action, both in negligence and strict liability, are therefore subject to the peremptive statutory period of “three years from the date of the alleged act, omission, or neglect.” La. R.S. 9:5628, subd. B.
In light of the recent Louisiana Supreme Court interpretation in Boutte, the denial of the exception of prescription raised by OLOL was in error. The judgment of the trial court is hereby amended to grant the exception of prescription in favor of OLOL. This court’s grant of the exception of prescription on behalf of OLOL concomitantly renders the remaining assignments of error moot. All costs associated with this appeal are assessed to Harold and Rita Halle.
AFFIRMED AS AMENDED.

. The holding in Branch v. Willis-Knighton Medical Center, 92-3086 (La.4/28/94), 636 So.2d 211 was distinguished in Boutte because the blood transfusion in Branch occurred prior to the 1976 statutory reference in the Medical Malpractice Act to defective blood implanted in a patient. Boutte, 99-2402 at p. 6-7, 759 So.2d at 48.