JgFITZSIMMONS, Judge.
In 1980, defendant, Hospital Service District No. 1 for the Parish of Terrebonne d/b/a Terrebonne General Medical Center (hospital), administered a blood transfusion to plaintiff, Richard John Webre, Jr.. In 1998, Mr. Webre discovered that he had contracted hepatitis C. Mr. Webre filed suit against the hospital for damages. He alleged that the hepatitis C was a result of the 1980 blood transfusion. The hospital filed a dilatory exception raising the objection of prematurity. The hospital argued that the claim was covered by the Medical Malpractice Act, La. R.S. 40:1299.41, et seq.,[1] and must first be submitted to a medical review panel. See La. R.S. 40:1299.47. The trial court relied on Cedotal v. Community Blood Center of Louisiana, Inc., 93-1167 (La.App. 1 Cir. 6/30/94), 644 So.2d 663, writ denied, 94-2433 (La.11/11/94), 645 So.2d 629, and denied the exception of prematurity. We reverse, and maintain the exception of prematurity.
The blood transfusions in Cedotal occurred in 1984. The Cedotal court relied on Branch v. Willis-Knighton Medical Center, 92-3086 (La.4/28/94), 636 So.2d 211. Branch held that a special medical malpractice prescriptive statute, La. R.S. 9:5628, did not apply to “strict products liability actions” arising from the sale of blood. Branch, 92-3086, at p. 14, 636 So.2d at 217. Based on Branch, Cedotal held that plaintiffs claim, for damages caused by a blood transfusion, sounded in strict products liability, not “negligence (malpractice).” Cedotal, 93-1167 at p. 3, 644 So.2d at 664.
Subsequently, in Boutte v. Jefferson Parish Hospital Service District No. 1, 99-2402, p. 6 (La.4/11/00), 759 So.2d 45, 49, the supreme court noted that Branch was a transfusion case that occurred before the 1976 amendment to La. R.S. 40:1299.41A(8), which defines medical malpractice. After the 1976 amendment, the definition of malpractice included “all legal responsibility of a health care provider arising from defects in blood ... implanted in or used ... in the person of a patient.” La. R.S. 40:1299.41A(8), as amended by 1976 La. Acts, No. 183, § 1. Boutte held that, after the 1976 amendment to the definition, “the Act at all relevant times encompassed all legal theories of liability asserted against a private hospital for damage arising from defects in | ¡¡blood provided to patients by transfusion, including claims based on strict liability.” Boutte, 99-2402 at p. 3, 759 So.2d at 47. The Louisiana Supreme Court concluded that the claims of the patient, who contracted hepatitis C through blood transfusions in 1981 and 1982, “constituted medical malpractice claims covered by the Act.” Boutte, 99-2402 at p. 3, 759 So.2d at 48.
*178 The same amended malpractice definition is applicable to this case. Thus, Mr. Webre’s claim is governed by the controlling supreme court case, Boutte. Whether Mr. Webre’s claim would have traditionally sounded in strict products liability or malpractice, it is covered by the Act, and must first be submitted to a medical review panel. See Boutte, 99-2402 at pp. 8-6, 759 So.2d at 47-49; Halle v. Our Lady of the Lake Hospital, Inc., 99-2776, p. 3 (La.App. 1 Cir. 12/22/00), 779 So.2d 10, 12; Landry v. Alton Ochsner Foundation Medical Center, 95-883 (La.App. 5 Cir. 2/27/96), 671 So.2d 24..
For these reasons, the denial of the exception of prematurity is reversed, the exception is maintained, and the plaintiffs suit is dismissed, without prejudice. Costs of the appeal are assessed to plaintiff, Mr. Webre.
REVERSED AND SUIT DISMISSED.

. A hospital service district is exempted from the definition of a state health care provider, and thus, from the definition of malpractice applicable to state hospitals. See La. R.S. 40:1299.39A(l)(b).