MOORE, J.
Carolyn and Wayne Johnson appeal a judgment sustaining Glenwood Regional Medical Center’s exception of prematurity and dismissing without prejudice their claim for damages arising from blood transfusions. For the reasons expressed, we affirm.

*242
Procedural Background

According to the petition, Mrs. Johnson was hospitalized at Glenwood in April and May 1978; during her stay, she received blood products. In March 2000, diagnostic tests revealed that she has Hepatitis C. The Johnsons filed this suit against Glen-wood and an unknown regional blood center in June 2000. They alleged, inter alia, that their damages were wholly outside the medical malpractice act (“the Act”). They also alleged that La. R.S. 9:5628 and 5628.1 violated the Louisiana Constitution.
In October 2000, Glenwood filed exceptions of prematurity and, in the alternative, prescription. An accompanying memorandum argued only the dilatory exception of prematurity; however, the Johnsons filed a formal opposition to both exceptions. In September 2003, Glenwood moved to set only its exception of prematurity for a hearing. By memorandum, Glenwood again argued only the exception of prematurity, and attached a certifícate showing that Glenwood was enrolled as a health care provider in the Patients’ Compensation Fund at the time of Mrs. Johnson’s transfusions.
The district court set the exception of prematurity for hearing in October 2003. After the hearing, the court sustained the exception of prematurity and dismissed Glenwood without prejudice. The court also ruled that Glenwood’s pending exception of prescription was moot.
I ¡/The Johnsons have appealed devolu-tively, urging (1) R.S. 9:5628.1 requires them to bring their claim in a court of competent jurisdiction, (2) the Act did not require them to take this claim to a medical review panel (“MRP”), and (3) the court should have ruled on the exception of prescription.

Discussion: The Act’s Application to Defective Blood Claims

The dilatory exception of prematurity is a procedural device to defer a lawsuit when applicable law has created an alternative method for the claimant to seek administrative relief before resorting to judicial action. Yokem v. Sisters of Charity, 32,402 (La.App. 2 Cir. 6/16/99), 742 So.2d 906. Generally, the person aggrieved in such a case must exhaust all administrative remedies before being entitled to judicial review.
The Act, La. R.S. 40:1299.41, et seq., creates such a mechanism. Section 1299.47 A(l) and B(l)(a)(i) provide:
All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.
This administrative procedure affords the MRP an opportunity to render its expert opinion on the merits of a complaint. Yokem v. Sisters of Charity, supra.
The Johnsons have not challenged Glen-wood’s status as a qualified health care provider at the time of the alleged harm; rather, they contend 1¡¡that Mrs. Johnson’s harm fell outside the Act.
The Act defines malpractice as follows:
“Malpractice” means any unintentiom al tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a *243 patient, including failure to render services timely * * *, and also includes all legal responsibility of a health care provider arising from * * * defects in blood, tissues, transplants, drugs and medicines[.]
La. R.S. 40:1299.41 A(8) (emphasis added). The emphasized language was added to the statue by La. Acts 1976, No. 183, effective October 1, 1976. Calvert v. Sisters of Charity, 32,553 (La.App. 2 Cir. 8/18/99), 738 So.2d 1237, writ denied, 99-2722 (La.11/24/99), 750 So.2d 990.
By a plain reading of this section, the Johnsons’ claims against Glenwood — a qualified provider — for allegedly defective blood received in 1978 are medical malpractice claims and must be presented to an MRP before bringing suit. The other courts of appeal are unanimous in reaching this conclusion. Webre v. Hospital Service Dist. No. 1, 2000-0926 (La.App. 1 Cir. 6/22/01), 798 So.2d 176; DeBlanc v. Touro Infirmary, 96-1965 (La.App. 4 Cir. 12/27/96), 686 So.2d 1015; Sonnier y. Opelousas General Hosp., 95-1560 (La.App. 3 Cir. 5/8/96), 688 So.2d 1040; Landry v. Ochsner Foundation Med. Center, 95-883 (La.App. 5 Cir. 2/27/96), 671 So.2d 24.
For these reasons, the Johnsons’ contention that their claims do not fall under the Act lack merit.

\ ¿Application of the Prescription Statute

The Johnsons further argue their suit is properly before the district court, even without an MRP, because of one phrase in a special prescription statute regulating actions for liability from the use of blood or tissue:
No action for damages against any healthcare provider as defined in this Section, whether based upon negligence, products liability, strict liability, tort, breach of contract, or otherwise, arising out of the use of blood or tissue as defined in this Section shall be brought unless filed in a court of competent jurisdiction within one year from the date of the alleged cause of action or other act, omission, or neglect, or within one year from the date that the alleged cause of action or other act, omission, or neglect is discovered or should have been discovered; however, except as provided in Subsection B, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed, at the latest , within three years from the date of the act, omission or neglect.
La. R.S. 9:5628.1 A (emphasis added).
We find that the emphasized portion of this section does not supersede the requirement of an MRP in medical malpractice cases. This section merely fixes the prescriptive and peremptive periods for cases involving blood products; it does not purport to alter the administrative procedure of the Act. Moreover, subsection 5628.1 B refers to a “forum of competent jurisdiction,” and subsection 5628.1 F(l) specifically refers to the Act and the patients’ compensation fund. Simply put, this.section sets a time restriction on actions arising from blood and tissue transfusions and obviously supplements the procedures established by the Act.
The Johnsons’ contention that R.S. 9:5628.1 A permits them to forgo an MRP lacks merit.
| ^Finally, we note that the only issue presented for decision in the district court was prematurity, not prescription. There is no error in the court’s ruling that the exception of prescription is moot.[1]

*244
Conclusion

For the reasons expressed, we affirm the judgment of the district court. Costs are assessed to the appellants, Carolyn and Wayne Johnson.
AFFIRMED.

. At oral argument, counsel for the Johnsons also argued that submitting this claim to an MRP would cause their case to prescribe, as by the time the MRP might rule, the prescrip *244 tive or peremptive period of 9:5628.1 would have elapsed. However, filing this request for an MRP would explicitly suspend prescription until 90 days after the MRP provides notice of its decision. La. R.S. 40:1299.47 A(2)(a); Le-Breton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226; Holmes v. Lee, 35,021 (La.App. 2 Cir. 9/28/01), 795 So.2d 1232.