419 So.2d 1302 (1982)
Arthur E. WILLIAMS and Rose Mary Williams, Individually and on Behalf of the Minor, Kimberly Williams
v.
The ST. PAUL INSURANCE COMPANIES, et al.
No. 13032.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1982.
Rehearing Denied October 22, 1982.
*1303 Lawrence J. Smith, Adolph J. Levy, Alan Brandon Parker, Levy, Smith & Gennusa, New Orleans, for plaintiffs-appellants.
H. Martin Hunley, Jr., C. William Bradley, Jr., Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendants-appellees.
Before SCHOTT, KLEES and LOBRANO, JJ.
SCHOTT, Judge.
This medical malpractice action against the administrators of the Tulane Educational Fund (Tulane), two physicians and two nurses, was dismissed on an exception of prematurity because of plaintiffs' failure to file their claim with a medical review panel. Defendants had not paid the surcharge assessed under LSA-R.S. 40:1299.44 at the time the alleged tort was committed. The issue is whether they were qualified health providers under R.S. 1299.42 even though they paid the surcharge ten days after the alleged tort was committed but were considered by their insurer as covered since before the date of the alleged tort.
Plaintiffs allege that their infant daughter suffered injury because of defendants' malpractice on February 1, 1977. On January 5 Tulane was billed by its insurance broker for a liability policy with St. Paul Fire and Marine Insurance Company in the amount of $29,898 which included the surcharge of $4300 for qualification under the Medical Malpractice Act. This separate bill for the surcharge contained the following message:
"In compliance with Directive No. 29 of the Louisiana Commissioner of Insurance, which states that, `In order that the health care provider(s) can elect to qualify under the Act ..., each insurer ... shall prepare an endorsement to the policy of medical malpractice insurance which certifies payment of the surcharge.' The health care provider(s) listed below (has) (have) elected to pay the surcharge specified by the Commissioner which is due on this policy. Election to qualify is not permitted by the Commissioner nor by the Act, unless the health care provider has actually paid the surcharge specified by the Commissioner for this policy or for any endorsement to this policy. The Act requires the insurer to pay the Surcharge to the Patient's Compensation Fund and the insurer will have no right or responsibility to return the surcharge."
This bill was not paid until February 11, 1977.
*1304 § 1299.42 A of the Act provides as follows:
"To be qualified under the provisions of this Part, a health care provider shall:
(1) Cause to be filed with the commissioner proof of financial responsibility as provided by Subsection E of this Section;
(2) Pay the surcharge assessed by this Part on all health care providers according to R.S. 40.1299.44; and
(3) For self-insureds, qualification shall be effective upon acceptance of proof of financial responsibility by and payment of the surcharge to the commissioner of insurance. Qualification shall be effective for all others at the time the malpractice insurer accepts payment of the surcharge."
Thus, it seems clear that a literal reading of the Act compels the conclusion that Tulane and the other parties were not qualified at the time of the alleged tort. However, Tulane argues that only a "strained and artificial construction" of the statute would lead to the "unnatural and harsh interpretation" urged by plaintiffs. We disagree. The Medical Malpractice Act provides for a serious limitation on the right of a victim of medical malpractice to recover for damages. The victim is prevented from access to the courts and relegated to review by a medical review panel, § 1299.47 A and recovery is limited to $100,000 against a single health care provider and $500,000 against all health care providers, § 1299.42 B. We are persuaded that the Act constitutes a special legislative provision in derogation of the general rights available to tort victims. As such, the Act must be strictly construed. § 1299.42's requirement for payment of the surcharge as a condition of qualification is reinforced by § 40.1299.41 D which provides that:
"A health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part. If a health care provider does not so qualify, the patient's remedy will not be affected by the terms and provisions of this Part."
However, defendants would avoid this apparently clear interpretation of the statute by reference to § 1299.44 A(2) which states: "The surcharge shall be collected on the same basis as premiums by each insurer, the risk manager and surplus lines agents." The argument is that Tulane's insurance broker provided coverage effective January 1, 1977, on its liability policy irrespective of the date when it billed Tulane and when the bill was paid. The policy was effective from January 1 and the bills including the bill for the surcharge reflected that the effective date was January 1. Since the policy ran from January 1 under these circumstances and since the statute would treat collection of the surcharge "on the same basis as premiums" qualification would begin on January 1 even though the surcharge was not paid until February 11.
We are unable to agree that § 1299.44 A(2) supports the conclusion advocated by defendants. § 1299.44 is concerned primarily with the establishment of the Patient's Compensation Fund out of which claims under the Medical Malpractice Act are to be paid. § A(2) has to do with the annual surcharge to be collected after the health care provider initially qualifies for coverage under the Act. § A(3) specifically provides that the annual surcharge shall be due and payable within 30 days after the premiums for malpractice liability insurance have been received by the insurer, risk manager and surplus lines agents, and § 1299.44 A(4) provides that if the annual premium surcharge is not paid within that time limitation the certificate of authority of the insurer, risk manager and surplus lines agents shall be suspended until the annual premium surcharge is paid. This section does not purport to apply to the initial qualification surcharge and does not in any way relieve the health care provider of the rigid requirements of § 1299.42 to pay the surcharge as a condition precedent for qualification under the Act.
Finally, defendants rely upon Directive No. 29 of the Commissioner of Insurance of the State of Louisiana as proof *1305 that the late payment of the surcharge provided qualification from the effective date of the policy on January 1, 1977. That directive provides as follows:
"Act 817 of the 1975 session of the Louisiana Legislature will become effective on September 12, 1975.
Section 1299.44 of the Act places the duty upon the insurer and surplus line agent (broker) to collect the surcharge provided by the Act on all policies of medical malpractice insurance issued to health care providers or endorsements to policies providing such coverage. The Louisiana Insurance Rating Commission has determined that the surcharge shall be levied at the rate of twenty (20) percent. The surcharge shall be collected on the same basis as premiums by the insurers and the surplus line brokers on all new policies and renewals.
In order that the health care providers can elect to qualify under the Act effective September 12, 1975, each insurer and surplus line broker shall prepare an endorsement to the policy of medical malpractice insurance which certifies payment of the surcharge. The amount of the surcharge shall be determined by computing the premium for $100,000 of malpractice liability insurance per claim and $300,000 in the aggregate for the remainder of the policy term. The minimum required limits shall not be construed to restrict the right of the health care provider to elect limits to excess thereof.
No such endorsement certifying payment of the surcharge under the Act shall be issued unless the health care provider has basic malpractice liability insurance limits of at least $100,000 per claim and $300,000 in the aggregate nor shall such endorsement operate to decrease the amount of insurance provided under the existing malpractice insurance contract.
The surcharge shall be due and payable within thirty days after the surcharge has been received by the insurer or surplus line broker. The submission of the surcharge shall include identification of each health care provider qualified under the Act. Failure of the insurer or the surplus line broker to comply with this paragraph shall in no way effect the qualifications of the health care provider who has complied with the provisions of the Act in all other respects.
The surcharge forwarded by the insurer or surplus line broker shall be made payable to the Patients Compensation Fund Escrow Account and be sent to the Commissioner of Insurance or to such representative as he may subsequently designate. Reporting forms will be furnished prior to October 1, 1975.
Excerpts of the Act defining health care providers and pertinent portions of Section 1299.44 are enclosed."
This directive specifically refers to § 1299.44 of the Act already discussed and as such applies to the annual surcharge as distinguished from the initial surcharge. It is concerned with the duties of the insurance broker collecting the premium from the health care provider but it does not purport to affect the initial qualification surcharge provided for so specifically in § 1299.42.
Since the defendants had not paid the surcharge on the date of the alleged tort they were not qualified as health care providers under the Act, and plaintiffs were not precluded from bringing their tort action in accordance with the general law of torts. Accordingly, the judgment of the trial court is reversed and set aside, defendants' exceptions of prematurity are overruled and the case is remanded to the district court for further proceedings. Costs of this appeal are assessed against defendants; other costs are to be assessed at the conclusion of the case.
REVERSED AND REMANDED.