WATKINS, Judge.
This is an action for medical malpractice brought by Mrs. Alice Claire Moreau Meha-lik against Richard Morvant, M.D., of Thi-bodaux, and the St. Paul Fire & Marine Insurance Company, Dr. Morvant’s medical malpractice insurer. The trial court granted summary judgment, staying proceedings in the trial court until a medical review panel was convoked under the authority of LSA-R.S. 40:1299.41 et seq. We set aside the summary judgment and remand for further proceedings.
Mrs. Mehalik consulted Dr. Morvant about a lump in her breast on March 1, 1979. Over two years later, on March 24, 1981, it was found by another physician that the lump was cancerous, and a mastectomy was performed on April 2, 1981.
On September 3, 1981, Mrs. Mehalik, anticipating the filing of suit by her, sought to have a medical review panel convoked. At first the Deputy Commissioner of Insurance for Medical Malpractice, Emery J. Barnes, indicated the medical review panel would be convoked, but then on or about September 21, 1981, Mr. Barnes indicated by letter that the alleged tort occurred March 1, 1979, at which time Dr. Morvant did not belong to the Patient’s Compensation Fund, and thus was not qualified for coverage under the Medical Malpractice Act (LSA-R.S. 40:1299.41 et seq).
Thereupon, on September 28, 1981, Mrs. Mehalik filed suit in the Seventeenth Judicial District Court, Parish of Lafourche. It is in this proceeding that the judgment staying the proceedings granted on summary judgment was rendered. Counsel for defendant secured a Certificate of Enrollment from the Commissioner of Insurance under date of January 27, 1983, which stated that Dr. Morvant qualified as a health care provider for the alleged tort, as he was insured by St. Paul under a claims made policy effective from October 25, 1979 to October 25, 1983. It will be noted that Mrs. Mehalik did not seek the convocation of a medical review panel until September 3, 1981, within the policy period, as a claims made policy applies to all torts for which a claim is filed within the policy period, regardless of when the tort occurred. Using the certificate and other supporting documents, defendants moved for summary judgment.
It was held in Williams v. St. Paul Ins. Companies, 419 So.2d 1302 (La.App. 4th Cir.1982), writ denied 423 So.2d 1182 (La.1982), that regardless of the policy period the initial surcharge[1] payable by the health care provider must be paid before the occurrence of the alleged tort in order for the health care provider to qualify as such and thus be entitled to convocation of a medical review panel under the Medical Malpractice Act. Cited as authority was LSA-R.S. 40:1299.42A. which reads as follows:
*1323 “A. To be qualified under the provisions of this Part a health care provider shall:
“(1) Cause to be filed with the commissioner proof of financial responsibility as provided by Subsection E of this Section;
“(2) Pay the surcharge assessed by this Part on all health care providers according to R.S. 49:1299.44; and
“(3) For self-insured, qualification shall be effective upon acceptance of proof of financial responsibility by and payment of the surcharge to the commissioner of insurance. Qualification shall be effective for all others at the time the malpractice insurer accepts payment of the surcharge.”
Especially applicable is the second sentence of subparagraph (3), which provides qualification shall be effective when the malpractice insurer accepts payment of the surcharge. Williams held that the Medical Malpractice Act, “which provides for a serious limitation on the right of a victim of medical malpractice to recover for damages”,[2] must be strictly construed, and hence that a health care provider qualifies only upon payment of the surcharge.
We find Williams to be a proper construction of the law. The Medical Malpractice Act, which indicates that the initial surcharge must be paid before the health care provider becomes qualified, clearly indicates the surcharge must have been paid before the tort occurred in order for the Medical Malpractice Act to apply, as was held in Williams.
In the present case, we do not know from the record presented on motion for summary judgment whether or not the necessary surcharge was paid before the date of the alleged tort (March 1, 1979). As we do not know the date the surcharge was paid, and as knowledge of the date of payment of the surcharge is crucial to a determination of whether or not Dr. Morvant was a qualified health care provider and hence fell under the Medical Malpractice Act, we find the trial court issued the present summary judgment contrary to the holding in Williams, supra, and the proper construction of the Medical Malpractice Act. Therefore, although we find the statute somewhat ambiguous, we hold that summary judgment must be set aside, under our construction of the Act, finding the holding in Williams to have been correct.
The judgment of the trial court granting summary judgment staying proceedings pending convocation of a medical review panel is reversed, and the case remanded for further proceedings consistent with this opinion, all costs to be paid by defendants.
REVERSED AND REMANDED.

. The purpose of the surcharge, which is over and above the insurance premium, is set forth in LSA-R.S. 40:1299.44A(2).

. 419 So.2d 1302, 1304.