612 So.2d 1050 (1993)
Jane Doe, joined by her husband, John DOE,
v.
MEDICAL CENTER OF LOUISIANA, formerly doing business as Charity Hospital at New Orleans.
No. 92-CA-2707.
Court of Appeal of Louisiana, Fourth Circuit.
January 20, 1993.
Writ Denied March 12, 1993.
*1051 Stephen M. Pizzo, William W. Shaw, Jr., J. Elliott Baker, Blue, Williams & Buckley, Metairie, for appellant.
John D. Rawls, New Orleans, for appellees.
Before KLEES, LOBRANO and JONES, JJ.
LOBRANO, Judge.
This expedited appeal[1] requires us to determine the correctness of the trial court's denial of defendant, Medical Center of Louisiana's (formerly Charity Hospital) exception of prematurity which was asserted because plaintiff failed to submit to a medical review panel. Although the court's ruling is an interlocutory decree which is not normally appealable, we find that defendant will suffer irreparable harm if forced to try this case before the validity of its prematurity exception is determined. Accordingly we consider this matter pursuant to our appellate jurisdiction. La. C.C.Pro. Art. 2083.
In February of 1985 plaintiff, while being treated at Charity Hospital received a transfusion of blood provided by Charity's blood bank. On December 16, 1991 plaintiff was diagnosed with the Human Immunodeficiency Virus (HIV). Plaintiff filed the instant suit on August 10, 1992 alleging negligence and strict liability by defendant in the transfusion and supplying of defective blood. Specifically, plaintiff alleged that the blood bank failed to inform her of the tainted blood, failed to properly test the blood prior to transfusion and took no steps to prevent or eliminate high risk blood donor groups from its donor pool.
In response to plaintiff's suit, defendant asserted that it falls within the provisions of La.R.S. 40:1299.39, et. seq., Malpractice Liability for State Services Act, and specifically, the requirement of submission to a medical review panel prior to filing suit. La.R.S. 40:1299.39.1.
After hearing defendant's exception of prematurity, the trial court initially concluded that the transfusion of blood to a patient fell within the definition of "health care" and thus the exception of prematurity was well taken within respect to that allegation. In response, the plaintiff agreed to amend her petition to eliminate any references to negligence during or in connection with the blood transfusion. Defendant, however, reurged its same exception. The trial court reconsidered the exception in light of the amended petition and held that "health care" does not include the "collecting and screening of blood and blood products by a blood bank donor center." Defendant's exception was denied and this appeal followed.
The issue for our determination is twofold. First, whether the allegation of improper testing, screening and obtaining of blood by Charity's Blood Bank falls within the provisions of the Malpractice Liability for State Services Act (the Act) and, second, if so, whether the provisions of R.S. 40:1299.39.1 (medical review panel) are to be applied retroactively.
Although Charity Hospital clearly falls within the Act's definition of "state health care provider", La.R.S. 40:1299.39(A)(1)(a)(i), the provisions of the act are not applicable to all claims against it, only malpractice claims. Malpractice is defined as "the failure to exercise the reasonable standard of care specified and required ... in the provision of health care...." La. *1052 R.S. 40:1299.39(A)(4). Health care is defined as "any act or treatment which was performed or furnished or which should have been performed or furnished ... for, to, or on behalf of, a patient during the medical care, treatment or confinement of the patient." La.R.S. 40:1299.39(A)(6). A patient injured because of alleged malpractice by a person covered by the Act must first submit his or her claim to a medical review panel. La.R.S. 40:1299.39.1.
For the following reasons, we agree with the trial court that the collecting and screening of blood and blood products by Charity's blood bank do not fall within the Act's definition of "health care" and thus plaintiff's amended assertions are not covered by the Act.
Similar to the malpractice act covering private institutions, the act governing state services is in derogation of the general rights available to a tort victim and must be strictly construed. See, Williams v. St. Paul Ins. Companies, 419 So.2d 1302 (La. App. 4th Cir.1982). Despite Charity's argument to the contrary, the mere fact that it meets the definition of "a person covered under this Act" does not automatically invoke the Act's provisions. Only when malpractice claims, as defined by the Act, are asserted does Charity get the benefit of a medical review panel. La.R.S. 40:1299.39.1. Certainly the Act is not applicable to any claim against Charity. For example, a claim for slip and fall injuries by a visitor to the hospital would not be covered by the Act.
Plaintiff's amended allegations assert negligence and strict liability in the collecting and screening of blood. In our opinion these allegations do not constitute a malpractice claim as defined by the Act. There is no assertion of negligence in the "treatment which was performed or furnished" to plaintiff, hence a strict construction of the Act necessitates a finding that the amended allegations precludes its coverage.
We are mindful of Charity's arguments with respect to the analogies to La.R.S. 9:2797 and Civil Code Article 2322.1, however we do not find those dispositive of the threshold issue of the Act's coverage. Neither are we persuaded by the argument that operation of a blood bank is a hospital function which the legislature assumed would be covered and therefore there was no need to particularly specify "blood bank" in the Act.
Strict interpretation of the Act requires the result we reach. Because we conclude plaintiff's claim is not covered, it is not necessary to discuss the retroactivity issue. Accordingly, for the reasons assigned, the trial court judgment is affirmed.
AFFIRMED.
NOTES
[1] This appeal has been expedited because of the serious medical condition of plaintiff.