685 So.2d 356 (1996)
Linda Forte MEANY,
v.
Lawrence G. MEANY.
No. 96-CA-585.
Court of Appeal of Louisiana, Fifth Circuit.
November 26, 1996.
John Y. Kennedy, Metairie, for Defendant/Appellant.
Raymond C. Burkart, Jr., New Orleans, for Plaintiff/Appellee.
Before BOWES, CANNELLA and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Lawrence Meany, appeals a ruling of the trial court ordering him to produce certain Federal and State Tax Returns and Attachments, and ordering him to pay $750.00 in attorney fees in conjunction with a judgment debtor rule. For the following reasons we dismiss the appeal.
This matter arises from an action brought by Linda Meany, defendant's former spouse, for damages sustained by the negligent transmission of various venereal diseases. After a jury trial on the merits in the 34th Judicial District for the Parish of St. Bernard, Mrs. Meany was awarded $125,000.00 in damages. Subsequently, Mrs. Meany filed a judgment debtor rule in the 24th Judicial District. The ruling of the 34th Judicial District was appealed to the Fourth Circuit Court of Appeal, which overturned the jury award.[1] The matter was appealed to the Louisiana Supreme Court, which reinstated a portion of the original award,[2] after which a second judgment debtor rule was filed by *357 Mrs. Meany in the Jefferson Parish District Court.
After several continuances, the judgment debtor rule was heard by the court. At that time, the court made the judgment of the Supreme Court executory, ordered the defendant to produce certain documents and ordered him to pay attorney fees of $750.00 and court costs. It is that ruling that forms the basis of this appeal.
The judgment before us is not a final judgment because it does not determine the merits, in whole or in part. LSA-C.C.P. art. 1841. A judgment debtor examination is closely akin to a discovery measure. North Central Utilities, Inc., v. East Columbia Water District, 516 So.2d 1268, 1270 (La.App. 2 Cir.1987). Thus, we find that the judgment of which defendant complains is an interlocutory judgment.
LSA-C.C.P. Art. 2083 provides that an appeal may be taken from an interlocutory judgment, upon a showing of irreparable injury. The defendant, apparently anticipating the challenge to the finality of the judgment, makes the general assertion that he will suffer irreparable injury if the matter is not heard. Although he does not specify the potential harm to which he will be exposed, he states that it is "of a similar magnitude as those contemplated by the Louisiana Fourth Circuit Court of Appeal in the matter of Doe v. Medical Center of Louisiana, 612 So.2d 1050 (La.App. 4 Cir.1993)". In Doe the court reviewed a denial of defendant, Medical Center of Louisiana's exception of prematurity which was asserted because plaintiff failed to submit the matter to a medical review panel. Although the ruling was an interlocutory judgment, the court considered the matter on an expedited appellate basis because of the serious medical condition of the plaintiff, and because the defendant would have suffered irreparable harm should it be forced to try the matter before the validity of the exception was considered. We do not find the circumstances of the instant case, in which the defendant has been ordered to produce financial records in a judgment debtor rule, to be comparable to the circumstances in Doe. Consequently, we find the defendant has not made the necessary showing of irreparable harm.
Defendant requests, in the alternative, that this Court exercise its supervisory jurisdiction pursuant to Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). We are unable to grant defendant's request to convert this appeal to an application for supervisory writs. This court has issued an order effective January 1, 1995 which requires that all nonappealable matters filed as appeals must be dismissed. In accordance with that order we dismiss this appeal.
DISMISSED.
NOTES
[1] See: Meany v. Meany, 631 So.2d 14 (La.App. 4 Cir.1993).
[2] See: Meany v. Meany, 94-0251 (La.7/5/94), 639 So.2d 229.