713 So.2d 1258 (1998)
Lena P. Tate PEVEY
v.
LALLIE KEMP REGIONAL MEDICAL CENTER.
No. 97 CA 1751.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
C.A. Fleming, III, Metairie, for Plaintiff-Appellee Lena P. Tate Pevey.
Jude Bourque, Baton Rouge, for Defendant-Appellant State of Louisiana, Lallie Kemp Regional Medical Center.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Ad Hoc.
REMY CHIASSON, Judge Ad Hoc.
This appeal is limited to the sole issue of whether a petitioner who states a cause of action in strict product liability and/or negligence against a state hospital must present her negligence claim to a medical review panel. The trial court denied the defendant's exception of prematurity and the defendant has appealed. Finding no merit in the defendant's assertions, we affirm.
*1259 On February 12, 1996, plaintiff Lena P. Tate Pevey[2] filed her petition for damages, naming the Lallie Kemp Regional Medical Center (Center) as defendant. The suit alleges that plaintiff was admitted to the Center in December of 1977 for emergency gall bladder surgery. During the plaintiff's stay, one or two units of blood were administered to her.
Mrs. Pevey alleges that within the year preceding the filing of her original petition, she was told for the first time by her treating physician that the most likely cause of her Hepatitis C virus was the blood transfusion from the Center in 1977.
The following two paragraphs of plaintiff's petition are relevant.
X.
Lallie Kemp Regional Medical Center manufactured, sold, processed, distributed and/or administered blood contaminated with the Hepatitis C virus to Lena P. Tate Pevey by transfusion on or about December of 1977. Since the blood was contaminated, Lallie Kemp Regional Medical Center is strictly liable unto your petitioner herein because: 1) the blood was defective; 2) the blood was unreasonably dangerous to normal use; 3) Lallie Kemp Regional Medical Center breached its implied warranty of merchantability and fitness for the purpose for which the blood was intended; and 4) Lallie Kemp Regional Medical Center failed to warn your petitioner of the risks of the defect and its consequences.
XI.
Alternatively, Lallie Kemp Regional Medical Center was at fault and/or negligent in administering and/or selling blood to your petitioner without proper testing of the blood for elevated liver enzymes, without proper questioning and testing of donors, and without proper follow up procedures regarding the health status of donors.
On appeal, the defendant specifically states it is limiting its exception of prematurity to the negligent medical malpractice claim. Defendant states in its brief, "Even though there may be alternative theories of liability, the defendant-appellant is not addressing the strict liability allegations of Paragraph X or any of the ancillary issues dealing with the strict liability allegations. This appeal only addresses the negligence issues in paragraph XI."
Accordingly, we pretermit any discussion of the plaintiffs claim sounding in strict product liability and the jurisprudence dealing with same, such as Branch v. Willis-Knighton Medical Center, 92-3086 (La.4/28/94), 636 So.2d 211[3]; Cedatol v. Community Blood Center of Louisiana, Inc., 93-1167 (La.App. 1st Cir. 6/30/94), 644 So.2d 663, writ denied, 94-2433 (La.11/11/94), 645 So.2d 629[4]; and *1260 Morgan v. Blood Center for Southeast La., 95-0368 (La.App. 4th Cir. 3/16/95), 652 So.2d 1059.[5] We turn our attention to the sole issue in this appeal.
Defendant correctly points out that since July 14, 1986,[6] "all malpractice claims against the state ... shall be reviewed by a state medical review panel...." LSA-R.S. 40:1299.39.1 A(1). However, plaintiff correctly urges in her brief that her claim is not subject to the medical review panel requirement because her claim does not fit the definition of malpractice in the Malpractice Liability for State Services Act, LSA-R.S. 40:1299.39 et seq.[7]
There is no significant distinction between the instant case and Doe v. Medical Center of Louisiana, 612 So.2d 1050 (La.App. 4th Cir.); writ denied, 613 So.2d 1005 (La.1993). In Doe, the court considered the issue of "whether the allegation of improper testing, screening and obtaining of blood by Charity's Blood Bank falls within the provisions of the Malpractice Liability for State Services Act (the Act)...." 612 So.2d at 1051. The court decided that although Charity Hospital was a state health care provider subject to the provisions of the Act, the provisions were not applicable to every claim against Charity Hospital, only malpractice claims. We quote with approval the following analysis from the Fourth Circuit's opinion:
Malpractice is defined as "the failure to exercise the reasonable standard of care specified and required ... in the provision of health care...." La. R.S. 40:1299.39(A)(4). Health care is defined as "any act or treatment which was performed or furnished or which should have been performed or furnished ... for, to, or on behalf of, a patient during the medical care, treatment or confinement of the patient." La. R.S. 40:1299.39(A)(6).
* * * * * *
Only when malpractice claims, as defined by the Act, are asserted does Charity get the benefit of a medical review panel. La. R.S. 40:1299.39.1.
* * * * * *
Plaintiffs amended allegations assert negligence and strict liability in the collecting and screening of blood. In our opinion these allegations do not constitute a malpractice claim as defined by the Act. There is no assertion of negligence in the "treatment which was performed or furnished" to plaintiff, hence a strict construction of the Act necessitates a finding that the amended allegations precludes its coverage.
We disagree with defendant that the case of Spunizo v. Charity Hospital, 97-2668 (La.1/9/98); 705 So.2d 1085 is dispositive of the issue in the instant case. That case merely held that the triggering event for the medical review panel requirement was not when the health care was rendered, but when the claim was filed.[8] In Spunizo, the Louisiana Supreme Court specifically stated it was "[p]retermitting the issue of whether other provisions of the medical malpractice act apply to plaintiffs' action...." Because neither *1261 the Court of Appeal, Fourth Circuit nor the Louisiana Supreme Court addressed the issue of whether the plaintiff stated a cause of action for malpractice, we do not view Spunizo as impliedly overruling Doe v. Medical Center of Louisiana.
Accordingly, we hold that the trial court correctly denied the Center's exception of prematurity as it relates to the plaintiffs claim, and we affirm. We cast the Center for all costs of this appeal in the amount to $790.96.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] In response to plaintiffs petition, defendant filed an exception of no cause of action, prematurity and lack of subject matter jurisdiction. Defendant's exceptions were heard on May 20, 1996, and denied. Meanwhile, on March 4, 1996, plaintiff amended her petition, to have her children join in the suit as parties plaintiff seeking damages for their own mental anguish and emotional distress and to re-urge the allegations of the original petition. The defendant filed a motion to strike these damages and to re-urge the exceptions of prematurity concerning the negligence cause of action as stated in the amending and supplemental petition. On November 18, 1996, Mrs. Pevey died of end-stage liver failure caused by the Hepatitis C virus. On January 21, 1997, the defendant's motion/exception was heard and denied. Defendant applied for a supervisory writ, which this court denied while ordering the case to be remanded with instructions to grant an appeal on the interlocutory ruling denying the exception of prematurity.
[3] The Louisiana Supreme Court held that plaintiffs' action against a private hospital sounded in strict tort products liability and was subject to the liberative prescription of one year generally applicable to all delictual actions, which does not commence to run until the victim knows or should know of the damage, the delict and the relationship between them. The court held the special statute of limitations that bars actions for medical malpractice not filed within a period of three years from the date of the alleged act, omission or neglect did not apply. LSA-R.S. 9:5628.
[4] This court held that pursuant to the rationale in Branch, the cause of action of a patient who contracted Human Immunodeficiency Virus (HIV) as a result of a blood transfusion was not subject to the Medical Malpractice Act's requirement of a medical review panel for actions against a private hospital and a blood bank. LSA-R.S. 40:1299.47.
[5] The Court of Appeal, Fourth Circuit granted the exception of prematurity filed by the defendant private blood bank on the ground that the plaintiff had no cause of action for strict liability since the cause of action arose after the 1990 amendments to LSA-R.S. 9:2797 and LSA-C.C. art 2322.1 declaring inter alia that blood transfusions were not sales and totally eliminating the cause of action for strict liability under the circumstances.
[6] The plaintiff points out that state hospitals were not included as state health care providers until the statute was amended in 1988. Because of our analysis of the statute as it applies in the instant case, the distinction is not material.
[7] For a thorough discussion of the history of the legislative definition of malpractice in the Act, see Lange v. Earl K. Long Medical Center, 97-1661 (La.App. 1st Cir. 6/29/98); 713 So.2d 1195, decided this date by another panel of this court.
[8] The Court of Appeal, Fourth Circuit had reversed the trial court's sustaining of the public hospital's exception of prematurity. The court reasoned that because state hospitals were not included as "State Health Care Provider" or "Person" covered by the Malpractice Liability for State Services Act, LSA-R.S. 40:1299.39 et seq until 1988, the plaintiffs' claims for a defective blood transfusion in 1972 were not subject to the act. The Louisiana Supreme Court vacated the judgment of the court of appeal and reinstated the trial court judgment maintaining the exception of prematurity.