JjCLARENCE E. McMANUS, Judge.
Plaintiff, Guy Morgavi, appeals the trial court’s ruling ordering him to produce certain banking records from 1988-1997, and ordering him to give defendant, Gayle Ellis Morgavi, authorization to obtain information from relevant financial institutions. Additionally, the trial court ordered him to pay $3,000.00 to defendant in connection with her motion to compel production of the aforementioned information. For the following reasons we dismiss the appeal.
DISCUSSION
Plaintiff and defendant were married in August 1988. In July 1997, Mr. Morgavi filed a petition for divorce. Thereafter, Mrs. Morgavi propounded discovery requests and ultimately a motion to compel and for sanctions upon Mr. Morgavi seeking his employment records, W-2s, IRS *1292 1090, as well as Federal and State Income tax returns with attachments and all of his business and personal banking records from 1988-1998. Mr. Morgavi operates a sole proprietorship called Convenient Cassette Service. In response, Mr. Morgavi filed a motion for a protective order.
After a hearing, the trial judge, Judge Melvin Zeno, found defendant, Guy Mor-gavi, failed to answer Mrs. Morgavi’s discovery. The trial judge ordered Mr. Mor-gavi to fully and completely answer all of the requested discovery and pay $3,000.00 in attorney’s fees to Mrs. Morgavi. The trial court’s oral reasons for judgment state:
12I’m convinced that Mr. Morgavi is not the poor businessman that he wishes to convince the Court of. I’m convinced that anybody who has spread sheets prepared keeps [business] records. His testimony is inconsistent and I believe he has misrepresented the facts before this Court.
Thereafter, Mr. Morgavi filed a motion for new trial which the trial court denied. It is that ruling that forms the basis of this appeal.
The judgment before us is not a final judgment because it does not determine the merits, in whole or in part. LSA-C.C.P. art. 1841. A motion to compel is a discovery measure. Moreover, Mr. Morgavi recognizes this case is in the discovery phase. Thus, we find that the judgment of which plaintiff complains is an interlocutory judgment. LSA-C.C.P. Art. 2083 provides that an appeal may be taken from an interlocutory judgment, upon a showing of irreparable injury. Plaintiff made the general assertion that he will suffer irreparable injury if required to produce the requested information. Consequently, we find the defendant has not made the necessary showing of irreparable harm.
Further, this Court does not engage in the practice of converting appeals to applications for supervisory writs. This Court has issued an order effective January 1, 1995 which requires that all non-appealable matters filed as appeals must be dismissed. In accordance with that order we dismiss this appeal. See, Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356. However, the parties are given thirty days from the date of this action to file an application for writs which fully complies with Rule 4, Uniform Rules — Courts of Appeal. We note that this action must be included in the writ application for compliance with Rule 4-3, Uniform Rules — Courts of Appeal.
DISMISSED.