b McMANUS, Judge.
Plaintiff, Dalton Masson, appeals the trial court ruling denying his request for an accounting from defendant, Donna Retif Masson, based on his assertion that she fraudulently removed $21,000.00 from his checking account just before they married. For the following reasons we dismiss the appeal.

DISCUSSION

Plaintiff, Dalton Masson, and defendant, Donna Retif Masson, were living together (but were not yet married) on July 28, 2000, the day plaintiff suffered a stroke. Plaintiff contends that three days later (while he was in the hospital) defendant removed $21,000.00 from his personal checking account without his knowledge or consent. He further contends that while he continued to recover in the hospital from the stroke, she induced him to marry her on September 6, 2000.
In January 2001, Mr. Masson asserts he “regained cognizance” and discovered he was married to Donna Retif. He avers that he moved out of the shared domicile after learning Donna Retif Masson intended to have him committed. Initially, he filed a petition to nullify the marriage then dismissed that petition and received a judgment of divorce on November 9, 2001.
^Thereafter, Mr. Masson filed a motion to compel seeking an accounting from Mrs. Masson relating to the funds she removed from his personal checking account prior to marriage. After a hearing, Judge Jo Ellen Grant denied the motion to compel. *272 Mr. Masson next filed a motion for new trial that was also denied. It is that ruling which forms the basis of this appeal.
The judgment before us is not a final judgment because it does not determine the merits, in whole or in part. La. Code Civ. P. art. 1841. A motion to compel is a discovery measure. Moreover, Mr. Masson freely admits this case is not final by stating he needs the requested information prior to trial on the merits regarding spousal support and community property matter. Thus, we find that the judgment of which plaintiff complains is an interlocutory judgment.
La.Code Civ. P. art. 2088 provides that an appeal may be taken from an interlocutory judgment, upon a showing of irreparable injury. Mr. Masson makes the general assertion that he will suffer irreparable injury if the he does not receive the information at issue.
Further, this Court does not engage in the practice of converting appeals to applications for supervisory writs. This Court has issued an order effective January 1, 1995 that requires that all non-appealable matters filed as appeals must be dismissed. In accordance with that order we dismiss this appeal. See, Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356. However, the parties are given thirty days from the date of this action to file an application for writs that fully complies with Rule 4, Uniform Rules — Courts of Appeal. We note that this action must be included in the writ application for compliance with Rule 4-3, Uniform Rules — Courts of Appeal.
DISMISSED.