THOMAS F. DALEY, Judge.
Defendants, Spencersmith, Inc. and C. Spenser Smith, appeal the trial court’s denial of their Exception of Prescription. We dismiss this appeal because this judg•ment is not appealable despite the trial court’s certification of the judgment under LSA-C.C.P. art. 1915, and remand for further proceedings.
The denial of an Exception of Prescription is an interlocutory judgment that is *1131 not appealable absent irreparable ■ harm.[1] Defendants have not alleged irreparable harm. This judgmént is interlocutory, and not final or immediately appealable, in spite of the trial court’s certification. While certification is allowed under LSA-C.C.P. art. 1915 of judgments that grant exceptions or sustain exceptions in part, it [3does not authorize the certification of a judgment denying an Exception of Prescription. This article states as follows:
Art.1915. Partial final judgment; partial judgment; partial exception; partial summary judgment
A.A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6)Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to | ¿rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remain *1132 ing issues in the case. (Emphasis added.)-
In this case, the Exception of Prescription was denied. Therefore, the trial court’s certification of this judgment as immediately appealable was improper. This judgment is not appealable and must be dismissed. Defendants have an adequate remedy on appeal in the entire case.
Réview of this judgment is properly taken under this court’s supervisory jurisdiction. However, this court does not convert appeals into Writ Applications. See Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356. Therefore, the parties are given thirty days from the date of this action to file an Application for Writs that fully complies with Rule 4, Uniform Rules — Courts of Appeal. A copy of this opinion must be included in the Writ Application for compliance with Rule 4-3, Uniform Rules — Courts of Appeal.
APPEAL DISMISSED; REMANDED.

. The record contains an ambiguous "order” signed by the trial court. The order was supplied to the court by defense’ counsel. The page has two separate orders, joined by the word OR that has been circled; one order designates the judgment on the Exception of Prescription as a final, immediately appeal-able judgment, the second order alternatively sets time for writs to be taken to this court on the same judgment. The top order is signed, purporting to certify this judgment as appeal-able, but the word OR between the orders is circled, leaving the triál court’s intent ambiguous.