JgSUSAN M. CHEHARDY, Judge.
This appeal arises in a proceeding to partition community property. The husband seeks reversal of a judgment against him on a motion to compel discovery, entered by the trial court several months after rendition of a consent judgment partitioning the community property. We dismiss the appeal because the judgment on the motion to compel is interlocutory and not appealable.
Marcelle McCarty Price and John M. Price were divorced in 1996. On March 23, 1998 Marcelle Price filed a Petition for Partition of Community Property. On October 1, 2002 the district court signed a Consent Judgment Partitioning Community Property. The Consent Judgment stated that the matter had come before the court for trial in November 2000 and apportioned numerous items of property between the parties in an eight-page listing. The consent judgment was signed by both parties and by their attorneys.
On October 22, 2002 Marcelle Price filed a Motion to Compel Discovery. That motion stated that her current counsel had been retained to represent her in February 2002 and that her former counsel had propounded discovery requests in May 1998 to which John Price had never responded. The motion recited that Mrs. Price’s current counsel had sought responses to the discovery without success and prayed for judgment compelling' Mr. Price to respond to the discovery requests and for sanctions against him. The Motion to Compel Discovery made no mention of |athe recent consent judgment of partition, although counsel filing the motion on behalf of Mrs. Price was the same who had signed the consent judgment.
John Price filed an Objection to Motion to Compel Discovery on the ground that “the parties have signed a community property partition agreement and the requested information is moot.”
On January 10, 2003 the district court signed a Judgment on Motion to Compel Discovery. In it the court ordered that the motion be granted for costs in the amount of $59.50 incurred by Marcelle Price for filing of the motion to compel, but denied attorney’s fees. The judgment also included orders directing John Price to “comply with all federal government requirements” and to “complete all required forms for the processing and the obtaining of all necessary court orders” to implement the community property partition hereto relating to the parties’ respective CSRS/FERS pension plans, Thrift Saving Plan(s) and 401(k) stock plans, as set out in the consent judgment. The court directed that such was to be done at John Price’s expense within 90 days or on or before March 17, 2003. The judgment farther directed that John Price cancel the recordation of two judicial mortgages.
John Price has appealed suspensively.
In his brief on appeal, Mr. Price admits he never responded to the written discovery requests of Mrs. Price, but states, “Nevertheless, the community was fully and finally compromised by consent judgment on October 1, 2002.” (Emphasis in original.) Mr. Price asserts the only issue raised in Mrs. Price’s motion to compel was that Mr. Price had failed to respond to *862 the discovery and the only relief sought was to have the discovery answered and to be awarded court costs and attorney’s fees for having to bring the motion.
14Mr. Price contends the trial court erred in hearing the motion when the case had been ended by the written and court-approved compromise and, further, in granting costs for the motion without directing that the discovery requests be answered. Instead, the trial court not only required that Mr. Price prepare and/or produce additional forms and court orders, but also directed cancellation of two judgments recorded against the parties’ property, none of which were mentioned in the motion.
Mr. Price asserts that, as a result of the order issued by the trial court on the motion to compel, his counsel was required to perform the task of preparing additional settlement documents, which resulted in Mr. Price’s incurring additional legal fees of $1,500.00. Further, he argues, the court erred in ruling on issues that never appeared in the motion to compel and that were not before the court under that motion. He notes that the judgment “specifically recited that only the motion to compel had been before the court on the date of the hearing.”
Mr. Price contends the trial court committed reversible error by granting the motion to compel discovery after the litigation had been settled, by hearing an unscheduled matter without notice and ordering relief never requested by the mover, and by not awarding attorney’s fees and court costs for defense of the post-compromise litigation.
In her brief Mrs. Price points out that the consent judgment partitioning the community property is interlocutory, pursuant to La.R.S. 9:2801(B), which provides in pertinent part:
Those provisions of a domestic relations order or other judgment which partitions retirement or other deferred work benefits between former spouses shall be considered interlocutory until the domestic relations order has been granted “qualified” status from the plan administrator and/or until the judgment has been approved by the appropriate federal or state authority as Rbeing in compliance with applicable laws. Amendments to this interlocutory judgment to conform to the provisions of the plan shall be made with the consent of the parties or following a contradictory hearing by the court which granted the interlocutory judgment. The court issuing the domestic relations order or judgment shall maintain continuing jurisdiction over the subject matter and the parties until final resolution.
Mrs. Price states that the benefits being partitioned in this case were Mr. Price’s CSRS/FERS pension plan, thrift savings plan, and 401(k) stock plan related to his employment with the U.S. Postal Service and Mrs. Price’s U.S. Department of the Navy CSRS pension plan and a thrift savings plan. Thus, she argues, the motion to compel was made in order to force Mr. Price to disclose necessary information for the drafting of court orders that would comply with federal government requirements for partition of the pension plan benefits. In addition, the mortgages Mr. Price was ordered to cancel are for debts that became his responsibility under the partition judgment. Hence, she asserts, the trial court’s ruling satisfied what is necessary to enforce the partition judgment and it should be affirmed.
Mrs. Price also points out that a judgment on a motion to compel discovery is an interlocutory judgment that is not appeal-able in the absence of irreparable injury. In the alternative to this Court’s affirming *863 the judgment, she asserts the appeal should be dismissed because the judgment is not final and appealable.
In Morgavi v. Morgavi 01-1296 (La.App. 5 Cir. 3/26/02), 811 So.2d 1291, this Court dismissed the appeal of a judgment on a motion to compel, stating: “The judgment before us is not a final judgment because it does not determine the merits, in whole or in part. LSA-C.C.P. art. 1841. A motion to compel is a discovery measure.” 01-1296 at p. 2, 811 So.2d at 1292. We noted that under La.C.C.P. art.2083, an appeal may be taken from an interlocutory judgment upon a | fishowing of irreparable injury, but the appellant had not made the necessary showing of irreparable harm. Id.
We stated further, “[T]his Court does not engage in the practice of converting appeals to applications for supervisory writs. This Court has issued an order effective January 1, 1995 which requires that all non-appealable matters filed as appeals must be dismissed. In accordance with that order we dismiss this appeal. See, Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356.” We did, however, grant the parties thirty days from the date of the ruling to file an application for writs.
We find this matter is not properly before us on appeal because it is an interlocutory judgment and appellant has failed to make a showing of irreparable harm.
For the foregoing reasons, the appeal is dismissed. In the interest of justice, we grant the appellant thirty days from the date of our judgment of dismissal to file an application for writs that fully complies with Uniform Rules — Courts of Appeal, Rule 4, and we note that this action must be included in the writ application for compliance with the uniform rules.
Costs of this appeal are assessed against the appellant, John M. Price.

APPEAL DISMISSED.

DALEY, J., dissents with reasons.