It EDWIN A. LOMBARD, Judge.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On April 16, 1996, Geraldine Davis (plaintiff) filed suit against the Regional Transit Authority (RTA) and John Doe, the unknown bus driver, for injuries allegedly sustained aboard an RTA bus. On May 14, 2002, plaintiff filed a supplemental and amending petition, naming Samuel B. Fairley (Fairley) as the defendant bus driver and, naming for the first time, Transit Management of Southeast Louisiana (TIMSEL), as an additional defendant.
On May 8, 2002, the RTA filed a Motion for Summary Judgment, seeking to be dismissed on grounds that the RTA is only the owner of the bus. On September 10, 2002, TIMSEL and Fairley filed and Exception of Prescription, arguing that the amended petition did not relate back to the filing of the original petition so as to interrupt prescription.
The matters were presented to the trial court on January 24, 2003. On February 3, 2003, the trial court granted the RTA’s Motion for Summary Judgment, dismissing the RTA from action. The trial court further denied TIMSEL and Fairley’s Exception of Prescription.
|2On March 28, 2003, plaintiff filed a motion for Devolutive Appeal of the granting of summary judgment in favor of RTA. On April 10, 2003, TIMSEL and Fairley filed a suspensive appeal of the denial of their Exception of Prescription.

JURISDICTIONAL ISSUES

ISSUE NO. 1

Summary judgment was granted in favor of RTA, with two defendants, namely TIMSEL and Samuel Fairley, remaining in the lawsuit. The action was filed in 1996 before the effective date of the 1999 amendment to La. C.C.P. art. 1915. In 1996, La. C.C.P. art. 1915 B(l) read:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, or parties, whether in an original demand, recon-ventional demand, cross claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless it is designated as a final judgment by the court after an express determination that there is no reason for delay.
The judgment was a partial judgment and under La. C.C.P. art. 1915 required certification as final in order to be immediately appealable. There is no evidence of certification in the record and, accordingly, the appeal of the summary judgment is dismissed.

ISSUE NO. 2

TIMSEL and Fairley’s appeal the denial of their Exception of Prescription. “Generally, the denial of an Exception of Prescription is an interlocutory judgment that is not subject to appeal.” Dean v. United Medical Center, 01-1414 (La.App. 4 Cir. 4/17/02), 816 So.2d 926, 929.
Considering the above noted jurisdictional issues, both appeals are dismissed.

DISMISSED.