WALTER J. ROTHSCHILD, Judge.
1 ¡.Plaintiff, Nathaniel Dowl, Jr. d/b/a Convenience Rent-a-Car, brought this petition for damages on April 12, 2004 naming as defendants Allstate Indemnity Company and Walter Dobard. Plaintiff alleged in the petition that Walter Dobard was in possession of a rental vehicle owned by Convenience Rent-a-Car and that on April 12, 2003, the vehicle was vandalized. Plaintiff alleged that the damage to the vehicle was covered under an Allstate policy which was maintained by Dobard. Although Allstate was duly cited and served with a copy of plaintiffs petition, plaintiff requested that service on Dobard be held, and the record indicates that Dobard was never served in these proceedings.
On May 27, 2004, Allstate answered plaintiffs petition alleging that the damages to the vehicle were due to an intentional act which was not ^covered under the subject policy. On the same date, Allstate also propounded interrogatories and a request for production of documents on plaintiff. Plaintiff failed to respond to this discovery, and Allstate brought a motion to compel on July 1, 2004. This motion was set for hearing several times, but plaintiff failed to appear.
On August 10, 2004, Allstate filed a motion to dismiss defendant Walter Dobard based on the failure to serve the defendant within the time proscribed by La. C.C.P. art. 1201. Due to difficulty in serving plaintiff with these pleadings, Allstate moved for and was granted the appointment of a special process server.
On November 24, 2004, plaintiff filed a motion for summary judgment as to Allstate’s liability for damage to the vehicle. On December 21, 2004, Allstate filed a motion and order to have plaintiffs response to its request for admissions deemed insufficient and for sanctions, attorney’s fees and costs. Allstate also requested a special process server to serve this pleading on plaintiff. Plaintiff eventually filed hand-written responses to Allstate’s discovery on the morning of the hearing on the motion to compel set for January 14, 2005.
Following this hearing, the trial court reset Allstate’s motion to compel to February 1, 2005 and the record reflects that plaintiff was given notice of this hearing in open court. All pending motions were continued to this date.
*44 On February 1, 2005, plaintiff failed to appear in court. The record contains a motion for continuance of all motions which plaintiff filed on January 31, 2005 on the basis that he was ill. After a review of the record, the trial court denied plaintiffs request for a continuance and granted 14Allstate’s motion to compel discovery. The court also granted Allstate’s motion to dismiss defendant Walter Dobard from these proceedings. Finally, the trial court denied plaintiffs motion for summary judgment. Plaintiff was additionally assessed for attorney’s fees of Allstate in bringing these motions in the amount of $2,000.00.
Plaintiff has now brought this appeal on the basis of one assignment of error: the trial court erred in denying his motion for continuance.[1] We note at the outset that a denial of a motion for continuance is an interlocutory judgment which does not cause irreparable injury and is therefore not appealable. La. C.C.P. art. 2083. In addition, plaintiff does not assign as error any of the remaining rulings by the trial court in this judgment, and there is no indication that plaintiff intended to appeal the merits of the judgment. In his motion for appeal as well as in his brief filed in this Court, plaintiff only refers to the judgment denying the motion for continuance. Any assignments of error relating to the merits of this case which have not been assigned nor briefed are therefore considered as abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4.
Further, this Court does not engage in the practice of converting appeals to applications for supervisory writs. This Court has issued an order effective January 1, 1995 which requires that all non-appealable matters filed as appeals must be dismissed. See, Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356; Price v. Price, 03-272 (La.App. 5 Cir. 6/19/03), 850 So.2d 860.
|fiWe find this matter is not properly before us on appeal because it is an interlocutory judgment and plaintiff has failed to make a showing of irreparable harm. For the foregoing reasons, the appeal is dismissed. Costs of this appeal are assessed against the plaintiff, Nathaniel Dowl, Jr.

APPEAL DISMISSED.

. We note that the record also contains a notice of intent to apply for supervisory writs from the February 2, 2005 judgment denying plaintiff's motion for summary judgment. This writ application was denied by this court as untimely on April 26, 2005.