MARION F. EDWARDS, Judge.
|2On appeal is a judgment in favor of Jane L. Rosenthal, denying an Exception of Prescription filed by Leo A. Guenther, the testamentary executor of the Estate of Rosalie Bigman Linder. Ms. Rosenthal is the daughter of the late Mrs. Linder.
The underlying facts were previously summed up by this court in an earlier case.[1]
Rosalie Bigman Linder, testator, died on November 30, 1994. Appellant[Ro-senthal], who resides in California, is the decedent’s daughter.
*294 Ms. Linder executed a testament on December 10, 1993. In her will, she bequeathed the sum of $2,000.00 to Janice Sturdevant, any royalties and/or mineral rights to Leo Guenther, legacies of personal property to Elsa Quintanilla and Leny Boudreaux, and the remainder of the estate to Touro Synagogue. The will provides the decedent’s daughter, Jane Linder Rosenthal, was disinherited. Leo Guenther was named as executor for the succession.
The petition for probate was filed on December 6, 1994. On June 28, 1996, Mr. Guenther filed a rule to|sshow cause why Ms. Rosenthal should not suffer disinherisance. On April 24, 1997, the trial court denied the Rule for Disinheri-son, and therefore, Ms. Rosenthal was entitled to her forced portion.
On August 25, 1999, Ms. Rosenthal filed a petition to annul probated testament. In the petition, she alleges that the will was invalid because the decedent was incompetent and lacked the requisite capacity at the time the testament was written, or in the alternative, the testament was invalid because it was not properly executed and/or confected according to Louisiana law, or in the alternative, that the decedent was subject to undue influence.
Trial on the petition was had on March 21, 2001. Upon motion for directed verdict, the trial court ruled that the testament was properly executed as to form, and that the allegations of undue influence were not proved. The trial proceeded on the issue of whether the decedent lacked testamentary capacity.
On March 21, 2001, the trial court rendered judgment holding that the testament executed by decedent was valid. Ms. Rosenthal filed a motion for new trial, which was denied on July 9, 2001.
On December 30, 2004, Mr. Guenther filed the Petition for Final Tableau Of Distribution, alleging that Ms. Rosenthal was not entitled to collect any amounts as forced heir because the estate’s liabilities exceeded its assets. The petition also stated that Ms. Rosenthal should not receive any distribution because she failed to make a timely claim for reduction of excessive donations. Ms. Rosenthal filed an opposition and a rule to show cause contesting the evaluation of certain oil and gas leases. Mr. Guenther filed an amended rule requesting the court consider whether Ms. Rosenthal is prohibited from receiving her forced portion based on her alleged failure to file a motion to reduce excessive donations made in her mother’s will.
In the judgment on appeal, this Court first addressed whether the claims raised by Ms. Rosenthal had prescribed. After a detailed analysis, the Court determined that the matter had not prescribed and denied the claim of prescription. |4The judgment went on to order an appraisal of the questioned leases. The Petition For Appeal states that the present appeal is taken only from that prescription portion of the judgment.
Although pleaded within a rule to show cause, the pleading is clearly an Exception of Prescription. Generally, the denial of an Exception of Prescription is an interlocutory judgment that is not subject to appeal,[2] absent irreparable harm.[3] Here, Mr. Guenther has not alleged irreparable harm. However, there is adequate *295 remedy on appeal of the entire final judgment in this case.
Review of the judgment on this exception is properly taken under this Court’s supervisory jurisdiction. However, this Court does not convert appeals into Writ Applications.[4] Therefore, Mr. Guenther is given thirty days from the date of this action to file an Application for Writs that fully complies with Rule 4, Uniform Rules — Courts of Appeal. A copy of this opinion must be included in the Writ Application for compliance with Rule 4-3, Uniform Rules — Courts of Appeal.

APPEAL DISMISSED; REMANDED.

. Succession of Linder, 02-106 (La.App. 5 Cir. 7/30/02), 824 So.2d 523

. Davis v. Reg'l Transit Auth., 03-1847 (La. App. 4 Cir. 4/14/04), 872 So.2d 1218. See also, Lupin v. Spencersmith, Inc., 02-112 (La. App. 5 Cir. 5/29/02), 820 So.2d 1130.

. Lupin v. Spencersmith, supra.

. See, Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356